**UNITED STATES ex rel. Salvatore ODDO, Petitioner,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

Nov. 30, 1964.

Michael P. Direnzo, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent.

WEINFELD, District Judge.

The petitioner attacks the validity of a judgment of conviction entered in July 1931 upon his plea of guilty to a felony in the former Court of General Sessions, New York County, which underlies his present confinement for a term of from thirty to sixty years as a second offender under a judgment entered in 1942.[1]

The petitioner's allegations and his testimony upon the hearing in support thereof, upon which he predicates his claim of denial of his federally protected constitutional right to due process of law, are not challenged by the State. The petitioner charges and the evidence establishes, with respect to the 1931 judgment of conviction, that at the time of petitioner's arraignment, plea of guilty and sentencing he was neither represented by counsel nor advised of the right to counsel. The official records of the Court indicate an absence of an appearance of counsel and the State has made no claim nor offered proof that petitioner voluntarily or intelligently waived this right.

Another factor presented by petitioner, and likewise beyond dispute upon this record, gives added force to petitioner's contention that not only was he denied the right of counsel, but was precluded from obtaining a proper review of the denial upon appeal. The evidence presented upon the hearing established that the Trial Court prohibited the official reporter from taking minutes of the arraignment, plea and sentencing. This proof came from the sworn testimony of the official court reporter given in another proceeding [2] that the Judge before whom petitioner pleaded and by whom he was sentenced had directed all reporters not to take minutes of the proceedings in his part relating to pleas or sentences, and that the practice had been followed by him and others.

Upon the entire record the petitioner has sustained his burden of proof that the 1931 conviction was entered in violation of his federally protected right to due process of law.[3]

Accordingly, the judgment of conviction entered on July 13, 1931 is vacated, the writ is sustained and petitioner is remanded to the State Court for resentencing under the judgment of conviction upon which he is presently confined.

Submit order in accordance with the foregoing.

1. Petitioner's original application for a writ of habeas corpus was presented to the United States District Court for the Western District of New York and denied on May 1, 1963. Thereafter, on January 16, 1964, the Court of Appeals denied his application for a certificate of probable cause and other relief without prejudice to renewal pending the determination of the "Durocher and related cases." Following the decision in United State ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir. 1964), petitioner's renewed application for leave to appeal was granted by the Court of Appeals and, it appearing in the interim that he had been removed to another prison located in this district, the proceeding was transferred here.

2. Petitioner's Exhibit 2.

3. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Palumbo v. New Jersey, 334 F.2d 524 (3d Cir. 1964); United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir. 1964).